[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12234

_____

D. C. Docket No. 06-00095 CV-3-MCR/EMT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2010
JOHN LEY
CLERK

SONY ROY, RAYMONDE L. ROY,

Plaintiffs-Appellants,

versus

BOARD OF COUNTY COMMISSIONERS WALTON
COUNTY FLORIDA, KENNETH PRIDGEN, et. al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 22, 2010)

Before TJOFLAT, ANDERSON, and ALARCON,* Circuit Judges.

PER CURIAM:

_____

*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

This case involves plaintiffs' suit against several county officials involved in zoning decisions adversely affecting plaintiffs, as well as against several neighboring property owners who filed challenges with the county zoning officials asserting that plaintiffs' actions were in violation of certain zoning laws. The district court dismissed a number of plaintiffs' claims, and later granted summary judgment with respect to others. We have had the benefit of excellent oral argument, and have given the case very careful consideration.

Except for their takings claim,[1] plaintiffs' briefs on appeal do not fairly present any challenge to the district court's rulings dismissing certain of plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). Accordingly, any such challenge is deemed abandoned.[2]

With respect to plaintiffs' takings claim, the district court held that the claim was not ripe because plaintiffs' complaint contains no allegation that the plaintiffs brought a claim for inverse condemnation against the County in state court. Although plaintiffs' brief on appeal does challenge the district court's denial of

---

[1] Plaintiffs' brief on appeal may also fairly raise a procedural due process claim. The district court dismissed that claim pursuant to Rule 12(b)(6) because plaintiffs failed to allege that the county failed to provide constitutionally adequate procedures or that there was no state court recourse available to correct the County's actions. Plaintiffs' brief on appeal has not challenged this rationale of the district court, and has not demonstrated that there were no procedures available to challenge the County's actions.

[2] In any event, the dismissed claims have no apparent merit.

their takings claim, plaintiffs do not suggest that they have now finally exhausted an inverse condemnation claim in the state courts. Plaintiffs' brief does suggest that their takings claim ripened between the dismissal of their amended complaint and the entry of final summary judgment, because their property was foreclosed on. We doubt that such a foreclosure could substitute for an inverse condemnation suit and thus ripen a takings claim in light of the Supreme Court's decision in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121 (1985), which holds that a federal constitutional takings claim is not ripe until the plaintiff has unsuccessfully pursued a compensation claim in state court. However, we need not reach this issue because plaintiffs failed to raise this argument in the district court, and thus have abandoned it.

With respect to plaintiffs' remaining claims, the district court entered summary judgment for defendants. Those remaining claims were brought pursuant to 42 U.S.C. §1981, §1982, and §1985(3), as well as a Fair Housing claim pursuant to 42 U.S.C. §3604. Each such claim required that plaintiff prove racial discrimination. Obviously, discrimination would not be tolerated. However, we have carefully reviewed the entire record and find no evidence of discrimination. Although there was unfortunate confusion in the proceeding (with respect to the

3

initial permission for the wall and later withdrawal thereof), there is no evidence that the confusion involved, resulted from, or was motivated by discrimination. Indeed, our careful review of the record can discern no evidence of discrimination at all. Plaintiffs have failed to adduce evidence creating a genuine issue of fact with respect to discrimination.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.